# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

E-mail: jhalter@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

BLAINE H. BORTNICK
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES W. HALTER
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
ANDREA M. PAPARELLA
MARC A. SUSSWEIN

SHERRY M. SHORE
MATTHEW J. MCDONALD
ROBERT L. ADLER
ERIN E. LYNCH
KRISTA E. BOLLES*
CAITLIN D. BROWN
CARA B. CHOMSKI*†

*AWAITING ADMISSION
†ADMITTED IN ILLINOIS ONLY

October 24, 2014

**BY ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Ritchie Capital Management, L.L.C. et al. v. JPMorgan Chase & Co.*;
            Case No. 14 Civ. 2557 (LGS)

Dear Judge Schofield:

       On behalf of Plaintiffs, we submit this letter-brief as requested by the Court's October 20, 2014 Order (Dkt. No. 59).

a. <u>Please describe all of the events pertaining to the transactions alleged in the Complaint that occurred in Minnesota.</u>

       The Complaint seeks to avoid fraudulent conveyances by and to all Defendants and seeks to recover damages for JPMorgan's and Richter's knowing assistance to the frauds of Thomas J. Petters ("Petters").[1] JPMorgan, knowing that Petters was committing an enormous fraud, intentionally assisted Petters in concealing that fraud and propped him up, with financial and other assistance, long enough so that Defendants would be repaid to the detriment of later creditors. Defendants were nearly completely repaid while Plaintiffs, some of the largest of those later creditors, received nearly nothing.

---

[1] "JPMorgan" refers to Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, NA., and J.P. Morgan Private Bank. "Richter" refers to Defendant Richter Consulting, Inc.

LIDDLE & ROBINSON, L.L.P.

The Honorable Lorna G. Schofield      2      October 24, 2014

The fraudulent conveyances at issue have no connection to Minnesota. There are two sets of fraudulent conveyances: (1) the transfers from Petters and his entities to JPMorgan and (2) the transfers from JPMorgan to the Syndicated Lenders.[2]

With respect to the first set of transfers—to JPMorgan—the Petters entities' accounts used to ultimately collect the funds and then transfer the funds were located at JPMorgan branches in Chicago. Upon information and belief, the funds were then fraudulently conveyed to JPMorgan in New York.

With respect to the second set of transfers—to the Syndicated Lenders—upon information and belief, the transfers were made by JPMorgan in New York to the Syndicated Lenders, none of whom are based in Minnesota. (See Compl. ¶¶ 24-39.) Also upon information and belief, as part of the administration of the Syndicated Loan, JPMorgan, as administrative agent of the Syndicated Loan, provided the Syndicated Lenders with notice of loan requests by Polaroid Corporation and received and transmitted the required funds through JPMorgan in New York.

Further, Plaintiffs were based in Chicago and New York at the time and, thus, relied on Petters' misrepresentations in Chicago and New York. *Miller Inv. Trust v. Xiangchi Chen*, 967 F. Supp. 2d 686, 696 (S.D.N.Y. 2013) ("a number of cases in the Second Circuit and this District hold that the original event leading to the injury in a misrepresentation action is the plaintiffs['] reliance on the misrepresentations"). It bears noting that Petters himself, as well as at least two of the officers that dealt with Plaintiffs, Michael O'Shaughnessy and Camille Chee-Awai, were based in Florida at the time and made the misrepresentations and omissions that constitute the fraud committed against Plaintiffs from Florida.

Certainly some actions related to this case occurred in Minnesota. Some of Petters' companies were based in Minnesota (see b below). The Plaintiffs' loans to Petters were largely funded from Plaintiffs' JPMorgan accounts in Chicago to a Petters Company Inc. ("PCI") account in Minnesota. The funds were then transferred numerous times between several of Petters entities, including some entities and accounts located in Minnesota. A lawyer representing Petters with respect to the loans negotiated with Plaintiffs was based in Minnesota. However, the fraud at issue was committed in Illinois and New York and the conveyances Plaintiffs seek to avoid occurred in New York and other locations with no connection to Minnesota.

---

[2] "Syndicated Loan" and "Syndicated Lenders" refer to the financing Defendants provided to Polaroid Corporation and the collection of Defendants that provided that financing, respectively.

  b. <u>With regard to each of the (i) parties to this action, (ii) each of the Debtors referenced in the remand motion -- please identify each one that is incorporated or created, has its principle place of business, does business, is domiciled, or has any other significant relationship with Minnesota, and describe the relationship;</u>

Parties

  None of the parties here is incorporated, has its principal place of business, is domiciled, or otherwise has a significant relationship with Minnesota.

  Plaintiff Ritchie Capital Management, L.L.C. ("Ritchie Capital") is a Delaware limited liability company. At all times relevant, it had its principal offices and places of business in New York and Chicago. Plaintiffs Ritchie Special Credit Investments, Ltd., Rhone Holdings II. Ltd., and Ritchie Capital Structure Arbitrage Trading, Ltd. are Cayman Islands entities and operated there except to the extent Ritchie Capital served as their investment manager and administrative agent in Chicago and New York. Plaintiff Yorkville Investments I, L.L.C. is a Delaware limited liability company with its principal place of business in Illinois.

  No Plaintiff has a significant relationship with Minnesota.

  Defendant JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York. Defendant JPMorgan Chase Bank, N.A., sued here as JPMorgan Chase Bank, N.A. and as J.P. Morgan Private Bank, is a national banking association with its principal place of business in Ohio. Defendant Richter Consulting, Inc. is a Delaware corporation with its principal place of business in Illinois. Defendant Wells Fargo & Co. is a Delaware corporation with its principal place of business in California; its predecessor, Wachovia Capital Finance Central, was an Illinois corporation with its principal place of business in Illinois. Defendant Wells Fargo Bank, N.A. is a national banking association with its principal place of business in South Dakota. Defendant UBS Loan Finance, L.L.C. is a Delaware limited liability company with its principal place of business in Connecticut. Defendant UBS AG is a corporation incorporated in the country of Switzerland, with its principal place of business in Zurich, Switzerland. Defendant UBS AG, Stamford Branch is a banking branch of UBS AG located in Stamford, Connecticut. Defendant Merrill Lynch Business Financial Services, Inc. is now known as GE Business Financial Services Inc. and is a Delaware corporation with its principal place of business in Illinois. Defendant LaSalle Business Credit, L.L.C. was a Delaware limited liability company with its principal place of business in Illinois. Defendant Bank of America Business Capital is a North Carolina corporation with its principal place of business in North Carolina. Defendant Bank of America Corporation is a Delaware corporation with its principal place of business in North Carolina. Defendant The CIT Group Inc. is a Delaware corporation with its principal place of business in New York. Defendant The CIT Group/Business Credit, Inc. is a New York corporation with its principal place of business in New York. Defendant PNC Bank N.A. is a national banking association with its principal place of business in Pennsylvania. Defendant Fifth Third Bank is an Ohio corporation with its principal place of business in Ohio. Defendant Webster Business Credit Corporation is a New York corporation with its principal place of business in New York.

LIDDLE & ROBINSON, L.L.P.

The Honorable Lorna G. Schofield      4      October 24, 2014

Defendant Associated Commercial Finance, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Chase Lincoln First Commercial Corporation is a Delaware corporation with its principal place of business in New York.

Some of the Defendants are national banks that have branches across the country, including in Minnesota. Plaintiffs are not aware of any significant relationship that any of the Defendants have with Minnesota related to this case and believe that none exist.

Debtors

There are three principal bankruptcy proceedings related to Petters' entities:

1) Polaroid Corporation and Polaroid Holding Company ("Polaroid") are Delaware entities with their principal place of business in Massachusetts. Plaintiffs do not believe Polaroid had any employees or operations in Minnesota. Polaroid Consumer Electronics, LLC, which, upon information and belief, was a wholly-owned subsidiary of Polaroid, is also a Delaware entity and may have had offices in Minnesota within Petters Group Worldwide's offices.

   The Polaroid bankruptcy proceeding is being joint administrated with the following related debtors: Polaroid Capital, LLC; Polaroid Latin America I Corporation; Polaroid Asia Pacific LLC; Polaroid International Holding LLC; Polaroid New Bedford Real Estate, LLC; Polaroid Norwood Real Estate, LLC; and Polaroid Waltham Real Estate, LLC. Plaintiffs do not know the domiciles of the related entities or if they have significant relationships with Minnesota. *In re Polaroid Corporation, et al.*, Case No. 08-46617 (Bankr. D. Minn.).

2) Petters Company, Inc. is a Minnesota corporation and Petters Group Worldwide, LLC ("PGW") is a Delaware entity. The principal places of business of PCI and PGW are unknown but they had substantial offices in Minnesota, New York and Florida. Representatives of Plaintiffs and PGW met in New York and Florida regarding some of the loans at issue in this case and Plaintiffs communicated with Petters and other officers of PCI and PGW that were located in Florida.

   The PCI and PGW bankruptcy proceeding is being jointly administered with the following related debtors: PC Funding, LLC; Thousand Lakes, LLC; SPF Funding, LLC; PL Ltd., Inc.; Edge One, LLC; MGC Finance, Inc.; PAC Funding, LLC; Palm Beach Financing Holdings, Inc. Plaintiffs do not know the domiciles of the related entities or if they have significant relationships with Minnesota. *In re Petters Company, Inc.*, Case No. 08-45257 (Bankr. D. Minn.).

LIDDLE & ROBINSON, L.L.P.

The Honorable Lorna G. Schofield            5            October 24, 2014

      3) Petters Capital, LLC is a Delaware limited liability company with its principal place of business in Florida. *In re Petters Capital, LLC*, Case No. 09-43847 (Bankr. D. Minn.).

   c. <u>Assuming for purposes of argument that the Court has "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b), please state why the case should not or cannot be transferred to the District of Minnesota.</u>

      Setting aside that "related to" bankruptcy jurisdiction does not exist for all of the reasons cited in Plaintiffs' motion to remand (Dkt. No. 41 at 11-18), *see also Ritchie Capital Mgmt, L.L.C. v. Fredrikson & Byron P.A.*, 980 F. Supp. 2d 1010, 1012-13 (N.D. Ill. 2013), several additional reasons exist why this case should not and cannot be transferred to the District of Minnesota.

      First, even if "related to" bankruptcy jurisdiction existed, mandatory abstention applies pursuant to 28 U.S.C. § 1334(c)(2). Defendants have made no argument that the higher "arising under" bankruptcy jurisdiction applies, thus, this Court is required to abstain from hearing Plaintiffs' claims which are based on state law and remand the case to state court. (Dkt. No. 41 at 18-20.) *Lothian Cassidy, LLC v. Lothian Exploration & Development II, LP*, 487 B.R. 158, 161 (S.D.N.Y. 2013) ("When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand.") (quoting *Stahl v. Stahl*, No. 03 CV 0405, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003)).

      Second, even if abstention were not required—which it is—the Court has the discretion to decline to exercise federal jurisdiction pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). Plaintiffs present New York law claims that are independent of the debtors' claims and bring those claims against non-debtors—Petters himself is not in bankruptcy, Plaintiffs seek to avoid the conveyances of Petters' personal interests, and Plaintiffs' fraud claim can only be asserted by Plaintiffs. Thus, equity and comity favor this case being heard in New York, not federal, court.

      Third, the standard for transferring a case pursuant to 28 U.S.C. § 1404 is not met. "[A] court should not disturb a plaintiff's choice of forum 'unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice.'" *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998) (quoting *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F.Supp. 955, 962 (S.D.N.Y.1995)). "The factors to be considered . . . include (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Orb Factory*, 6 F, Supp. 2d at 208 (quoting *Wilshire Credit Corp. v. Barrett Capital Management Corp.*, 976 F.Supp. 174, 181 (W.D.N.Y.1997)). These factors militate against transferring the case.

LIDDLE & ROBINSON, L.L.P.

The Honorable Lorna G. Schofield        6        October 24, 2014

Plaintiffs' actions occurred in New York and Chicago, including meeting with Petters and his former colleagues. More importantly, Plaintiffs did not take any action in Minnesota. Petters himself, as well as the principal officers of the Petters companies relevant to this matter, were physically located in Florida at the time Petters defrauded Plaintiffs, not in Minnesota.

In addition, most of JPMorgan's actions occurred in New York and, thus, the witnesses and documents related to their due diligence and loan negotiations will be located in New York. More importantly, Plaintiffs are not aware of any Defendant taking action in Minnesota and see no reason why it would be a more convenient forum.

While some of Petters' entities did have their principal places of business in Minnesota, Petters himself is now incarcerated in Kansas. Conducting this matter in Minnesota would not make him any more accessible.

Fourth, Minnesota is a considerably more inconvenient forum for Plaintiffs because Ritchie Capital Management maintains an office in New York, has retained the present counsel in New York with respect to this matter, and none of Plaintiffs' representatives are located in Minnesota. *See Accantia Grp. Holdings v. Food Market Merch., Inc.*, 908 F. Supp. 2d 439, 442 (S.D.N.Y. 2012) ("Merely shifting the inconveniences of the one party and its witnesses to the other does not support transfer."). While Plaintiffs have asserted claims and defenses in the Minnesota bankruptcy court—they are forced to participate to defend against a proceeding brought by the Debtors and to file proofs of claim there to preserve their rights—this does not render Minnesota a convenient forum for Plaintiffs.

Fifth, Plaintiffs are entitled to a jury trial on their claims. N.Y. C.P.L.R. §§ 4101(1), 4102. Thus, a transfer to the District of Minnesota does not create any judicial economy as this matter would still have to remain in the District Court for such a trial, not the Bankruptcy Court. *See, e.g., Allen ex rel. Allen v. Devine*, 670 F. Supp. 2d 164, 173 (E.D.N.Y. 2009) (finding transfer to a district where an arguably related bankruptcy was pending did not strongly support transfer because the matter would be handled by a different judge). In addition, even if Plaintiffs did consent to a trial conducted by a bankruptcy court, which they do not believe would be appropriate here, the bankruptcy court could still only issue proposed findings of fact and proposed conclusions of law in this non-core matter that would then be reviewed *de novo* by the district court. *See* 28 U.S.C. § 157(c)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2596 (2011).

LIDDLE & ROBINSON, L.L.P.

The Honorable Lorna G. Schofield  7  October 24, 2014

      Finally, the proceedings in the Bankruptcy Court in Minnesota have been pending for over six years without a Chapter 11 Plan having been confirmed and, with respect to most of the entities, one never even being proposed. There is no reason to believe the present matter can be timely adjudicated with the matters in Minnesota.

      Respectfully submitted,

      James W. Halter

cc:    Counsel of Record (by ECF)